IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  18-cv-03249-WJM-NYW

MARIA CHAVEZ;
CHELSA PARSONS; and
NICOLE GARNER,

       Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY,
COLORADO, in its official capacity;
THE LAKE COUNTY SHERIFF'S OFFICE, a governmental entity;
RODNEY FENSKE, in his official and individual capacity;
FERNANDO MENDOZA, in his official and individual capacity; and
MARYANN HAMMER, in her official and individual capacity

       Defendants.

---

**DEFENDANT THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY,
COLORADO'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT (ECF No. 7)**

---

       Defendant, The Board of County Commissioners of Lake County, Colorado, ("BOCC") by and through its attorneys Hall & Evans, LLC, submit the following as its Answer, Defenses, and Affirmative Defenses to Plaintiffs' First Amended Complaint (ECF No. 7):

## <u>NATURE OF THE ACTION</u>

       The allegations set forth in the section entitled "Nature of the Action" are conclusory while at the same time purport to set forth legal conclusions, to which no response is required.  To the extent any such allegations are determined to be factual,

said allegations are denied.

## II.      JURISDICTION AND VENUE

1.      The BOCC admits this Court has jurisdiction to hear the allegations set forth in Plaintiffs' Amended Complaint.  The remaining allegations are legal conclusions to which no response is required.  To the extent the remaining allegations in paragraph 1 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

2.      The BOCC admits venue in this Court is proper.  The remaining allegations are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the remaining allegations set forth in paragraph 2 of Plaintiffs' Complaint are determined to be factual, said allegations are denied.

## III.      PARTIES

3.      Based on information and belief the BOCC admits the allegations set forth in paragraph 3 of Plaintiffs' Amended Complaint.

4.      Based on information and belief, the BOCC admits the allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint.

5.      Based on information and belief, the BOCC admits the allegations set forth in paragraph 5 of Plaintiffs' Amended Complaint.

6.      The BOCC admits it is a governmental entity.  The remaining allegations set forth in paragraph 6 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations set forth in paragraph 6 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

7.     The BOCC admits the Lake County Sheriff's Office is an independent agency charged pursuant to State statute, for the law enforcement activities of Lake County.   The BOCC further admits the Plaintiffs' were employees of the Lake County Sheriff's Office and not the BOCC.  The remaining allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint purport to set forth a legal conclusion to which no response is required.  To the extent the remaining allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

8.     The BOCC admits Defendant Fenske was the elected Sheriff for Lake County but denies that he is the Sheriff any longer.  The BOCC further denies he was an agent for the BOCC.   The remaining allegations set forth in paragraph 8 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.   To the extent the remaining allegations set forth in paragraph 8 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

9.     The BOCC admits Defendant Mendoza worked as the Undersheriff for the Lake County Sheriff's Office until on or about November 20, 2017.   The remaining allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required. To the extent the remaining allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

10.     The BOCC admits Defendant Hammer was the Dispatch Supervisor of the Lake County Sheriff's Office but deny that she remains in that position.  The remaining

allegations set forth in paragraph 10 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required. To the extent the remaining allegations set forth in paragraph 10 of Plaintiffs' Complaint are determined to be factual, said allegations are denied.

## IV.   FACTUAL ALLEGATIONS

11.   Based on information and belief, the BOCC admits the allegations set forth in paragraph 11 of Plaintiffs' Amended Complaint.

12.   The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 12 of Plaintiffs' Amended Complaint, and therefore denies same.

13.   The allegations set forth in paragraph 13 of Plaintiffs' Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 13 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

14.   The allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

15.   The allegations set forth in paragraph 15 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 15 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

16.     The allegations set forth in paragraph 16 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 16 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

17.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 17 (a) to (g) of Plaintiffs' Amended Complaint, requiring denial of same.

18.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 18 (a) to (e) of Plaintiffs' Amended Complaint, requiring denial of same.

19.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 19 (a) to (f) of Plaintiffs' Amended Complaint, requiring denial of same.

20.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 20 (a) to (d) of Plaintiffs' Amended Complaint, requiring denial of same.

21.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 21 (a) to (g) of Plaintiffs' Amended Complaint, requiring denial of same.

22.     The allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint are determined to be factual, said

allegations are denied.

23.     The BOCC does not have sufficient knowledge or information with respect to the allegations set forth in paragraph 23 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

24.     The BOCC is without sufficient knowledge or information with respect to the allegation set forth in paragraph 24 of Plaintiffs' Amended Complaint, requiring denial of same.

25.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 25 of Plaintiffs' Amended Complaint, requiring denial of same.

26.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 26 of Plaintiffs' Amended Complaint, requiring denial of same.

27.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 27 of Plaintiffs' Amended Complaint, requiring denial of same.

28.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 28 of Plaintiffs' Amended Complaint, requiring denial of same.

29.     The BOCC admits it has a policy with respect to reporting of sexual harassment.  The BOCC is without sufficient knowledge or information with respect to the remaining allegations set forth in paragraph 28 of Plaintiffs' Amended Complaint,

requiring denial of same.

30.     The BOCC admits an email was sent by Defendant Mendoza, regarding contact with the BOCC's Human Resources Department.  The remaining allegations set forth in paragraph 30 of Plaintiffs' Amended Complaint, are conclusory to which no response is required.  To the extent the remaining allegations set forth in paragraph 30 of Plaintiffs' Amended Complaint are determined to be factual, the BOCC denies said allegations as it is without sufficient knowledge or information with regard to same.

31.     The BOCC admits the email referenced in paragraph 31 of Plaintiffs' Amended Complaint, states in part, "I will not tolerate this anymore", and "WE (sic) are primarily responsible for our own HR and finance duties."   However, the remaining allegations set forth in paragraph 31 of Plaintiffs' Amended Complaint are conclusory and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 31 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

32.     The BOCC admits the email referenced in paragraph 32 of Plaintiffs' Amended Complaint states in part, "if you have questions, comments or concerns about ANYTHING (sic) related to HR, finance, benefits, etc…you are to follow your chain of command which means you will go to your supervisor then ME (sic)."   The remaining allegations set forth in paragraph 32 of Plaintiffs' Amended Complaint, are conclusory and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 32 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied as the BOCC lacks sufficient knowledge or information respecting

same.

33.     Based on information and belief, the allegations set forth in paragraph 33 are denied.

34.     The allegations set forth in paragraph 34 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 34 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied as the BOCC lacks sufficient knowledge or information respecting same.

35.     The allegations set forth in paragraph 35 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 35 are determined to be factual, said allegations are denied as the BOCC lacks sufficient knowledge or information respecting same.

36.     The allegations set forth in paragraph 36 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 36 are determined to be factual, said allegations are denied as the BOCC lacks sufficient knowledge or information respecting same.

37.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 37 of Plaintiffs' Complaint, thereby requiring denial of same.

38.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 38 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

39.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 39 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

40.     Based on information and belief, the BOCC admits Plaintiff Garner complained to Deputy Padgett.  The remaining allegations set forth in paragraph 40 of Plaintiffs' Amended Complaint are denied, as the BOCC lacks sufficient knowledge or information with respect to said allegations.

41.     Based on information and belief, the BOCC admits Deputy Padgett contacted the Lake County District Attorney.  The remaining allegations set forth in paragraph 41 of Plaintiffs' Amended Complaint are denied, as the BOCC lacks sufficient knowledge about said allegations.

42.     Based on information and belief, the BOCC admits paragraph 42 of Plaintiffs' Amended Complaint.

43.     The BOCC admits Lyons Gaddis was retained, as a third-party "person", in an attempt to conduct an independent investigation.  The remaining allegations set forth in paragraph 43 of Plaintiffs' Amended Complaint, are denied.

44.     Based on information and belief, the BOCC admits Defendant Mendoza worked at the Lake County Sheriff's Office until on or before November 20, 2017.

45.     The allegations set forth in paragraph 45 of Plaintiffs' Amended Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 45 of Plaintiffs' Amended Complaint are determined to be factual, the BOCC states there is no basis for any liability based on the BOCC's response or lack

thereof with respect to complaints emanating from the Sheriff's Office.  Any remaining allegations set forth in paragraph 45 of Plaintiffs' Amended Complaint, are denied.

46.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 46 of Plaintiffs' Amended Complaint.

47.     Based on information the allegations set forth in paragraph 47 of Plaintiffs' Amended Complaint, are denied.

48.     The allegations set forth in paragraph 48 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 48 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied as the BOCC does not have sufficient knowledge or information with respect to same.

49.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 49 of Plaintiffs' Amended Complaint, and therefore said allegations are denied.

50.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 50 of Plaintiffs' Amended Complaint, and therefore said allegations are denied.

51.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 51 of Plaintiffs' Amended Complaint, and therefore said allegations are denied.

52.     The allegations set forth in paragraph 52 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 52 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

53.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 53 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

54.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 54 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

55.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 55 of Plaintiffs' Amended Complaint, requiring denial of same.

56.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 56 of Plaintiffs' Amended Complaint requiring denial of same.

57.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 57 of Plaintiffs' Amended Complaint, requiring denial of same.

58.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 58 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

59.     The allegations set forth in paragraph 59 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 59 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

60.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 60 of Plaintiffs' Amended Complaint.

61.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 61 of Plaintiffs' Amended Complaint.

62.     The allegations set forth in paragraph 62 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 62 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

63.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 63 of Plaintiffs' Amended Complaint, requiring denial of same.

64.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 64 of Plaintiffs' Amended Complaint, requiring denial of same.

65.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 65 of Plaintiffs' Amended Complaint, requiring denial of same.

66.     The allegations set forth in paragraph 66 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 66 of Plaintiffs' Amended Complaint are determined to be factual, said

allegations are denied as the BOCC lacks sufficient knowledge or information with respect to same.

67.     Based on information and belief, the BOCC admits the Plaintiffs conducted a news conference on or about November 7, 2017.  The remaining allegations set forth in paragraph 67 of Plaintiffs' Complaint are denied as the BOCC lacks sufficient knowledge or information regarding same.

68.     Based on information and belief, the BOCC admits the Plaintiffs conducted a news conference on or about November 7, 2017.  The remaining allegations set forth in paragraph 68 of Plaintiffs' Amended Complaint, are denied as the BOCC lacks sufficient knowledge or information regarding same.

69.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 69 of Plaintiffs' Amended Complaint.

70.     The allegations set forth in paragraph 70 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 70 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

71.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 71 of Plaintiffs' Amended Complaint.

72.     The allegations set forth in paragraph 72 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 72 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

73.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 73 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

74.     The BOCC admits the allegations set forth in paragraph 74 of Plaintiffs' Amended Complaint.

75.     The BOCC admits the Sheriff indicated a desire to rehire the Plaintiffs.  The remaining allegations are denied.

76.     The allegations set forth in paragraph 76 are denied.

77.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 77 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

78.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 78 of Plaintiffs' Amended Complaint, requiring denial of same.

79.     The allegations set forth in paragraph 79 of Plaintiffs' Amended Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 79 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

80.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 80 of Plaintiffs' Amended Complaint.

81.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 81 of Plaintiffs' Amended Complaint.

82.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 82 of Plaintiffs' Amended Complaint, requiring denial of same.

83.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 83 of Plaintiffs' Amended Complaint.

84.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 84 of Plaintiffs' Amended Complaint, requiring denial of same.

85.     The allegations set forth in paragraph 85 of Plaintiffs' Amended Complaint, are denied.

86.     The allegations set forth in paragraph 86 of Plaintiffs' Amended Complaint, are denied.

87.     The allegations set forth in paragraph 87 of Plaintiffs' Amended Complaint, are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 87 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

88.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 88 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

89.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 89 of Plaintiffs' Amended Complaint, thereby requiring denial of same.

90.     Based on information and belief, the BOCC admits the allegations set forth in paragraph 90 of Plaintiffs' Amended Complaint.

91.     The allegations set forth in paragraph 91 of Plaintiffs' Complaint are denied.

92.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 92 of Plaintiffs' Amended Complaint, requiring denial of same.

93.     The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 93 of Plaintiffs' Amended Complaint, requiring denial of same.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Sex-Based Hostile Work Environment Under Title VII

94.     The BOCC hereby restates its responses to paragraphs 1 to 93 of Plaintiffs' Amended Complaint, as though fully set forth herein.

95.     The allegations set forth in paragraph 95 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 95 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

96.     The allegations set forth in paragraph 96 of Plaintiffs' Amended Complaint, are conclusory and therefore no response is required.  To the extent the allegations in paragraph 96 are determined to be factual, said allegations are denied.

97.     The allegations set forth in paragraph 97 of Plaintiffs' Amended Complaint are conclusory and therefore no response is required.  To the extent the allegations set

16

forth in paragraph 97 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

98.     The allegations set forth in paragraph 98 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 98 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

99.     The allegations set forth in paragraph 99 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 99 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

100.    The allegations set forth in paragraph 100 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent said allegations are determined to be factual, said allegations are denied.

101.    The allegations set forth in paragraph 101 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent said allegations are determined to be factual, said allegations are denied.

102.    The allegations set forth in paragraph 102 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 102 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

103.    The allegations set forth in paragraph 103 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 103 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

## SECOND CLAIM FOR RELIEF
### Fourteenth Amendment – Equal Protection

104.    The BOCC restates its responses to paragraphs 1 to 103 of Plaintiffs' Amended Complaint, as though fully set forth herein.

105.    The allegations set forth in paragraph 105 of Plaintiffs' Amended Complaint, are conclusory while at the same time purport to set forth a legal conclusion, to which no response is required.  To the extent the allegations set forth in paragraph 105 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

106.    The BOCC admits the Plaintiffs' are females.  The remaining allegations set forth in paragraph 106 of Plaintiffs' Amended Complaint, are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the remaining allegations set forth in paragraph 106 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

107.    The allegations set forth in paragraph 107 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 107 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

108.    The allegations set forth in paragraph 108 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 108 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

109.    The allegations set forth in paragraph 109 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 109 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

110.    The allegations set forth in paragraph 110 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 110 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

111.    The allegations set forth in paragraph 111 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 111 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

112.    The allegations set forth in paragraph 112 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 112 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

113.    The allegations set forth in paragraph 113 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 113 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

114.    The allegations set forth in paragraph 114 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 114 are determined to be factual, said allegations are denied.

115.   The allegations set forth in paragraph 115 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 115 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

116.   The allegations set forth in paragraph 116 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 116 of Plaintiffs' Amended Complaint are determined to factual, the BOCC lacks sufficient knowledge or information, thereby requiring denial of same.

117.   The allegations set forth in paragraph 117 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 117 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

118.   The allegations set forth in paragraph 118 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 118 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

**THIRD CLAIM FOR RELIEF**
**Retaliation Under Title VII**

119.   The BOCC restates its responses to paragraphs 1 to 118 of Plaintiffs' Amended Complaint, as though fully set forth herein.

120.   The allegations set forth in paragraph 120 of Plaintiffs' Amended Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no

20

response is required.  To the extent the allegations set forth in paragraph 120 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

121.   The allegations set forth in paragraph 121 of Plaintiffs' Amended Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 121 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

122.   The allegations set forth in paragraph 122 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 122 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

123.   Based on information and belief, the BOCC admits Plaintiff Garner spoke with former Lake County Sheriff Deputy Padgett.  The remaining allegations set forth in paragraph 123 of Plaintiffs Amended Complaint are denied, as the BOCC lacks sufficient knowledge or information regarding same.

124.   Based on information and belief, two of the Plaintiffs' provided testimony in a grand jury hearing, and all of the Plaintiffs' provided interviews with Karen Sprole.  The remaining allegations set forth in paragraph 124 of Plaintiffs' Amended Complaint, are denied.

125.   Based on information and belief, the BOCC admits the Plaintiffs' spoke with the media. The remaining allegations are denied.

126.   The allegations set forth in paragraph 126 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 126 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

127. The allegations set forth in paragraph 127 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 127 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied. The BOCC further states it denies the Plaintiffs were employees of Lake County.

128. With respect to the BOCC only, the allegations set forth in paragraph 128 are denied. The BOCC is without sufficient knowledge or information with respect to those allegations against any other Defendants, thereby requiring denial of same.

129. The allegations set forth in paragraph 129 of Plaintiffs' Amended Complaint, are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 129 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

130. The allegations set forth in paragraph 130 of Plaintiffs' Amended Complaint are conclusory, while at the same time purport to set forth legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 130 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

131. The allegations set forth in paragraph 131 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 131 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

132.    The allegations set forth in paragraph 132 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 132 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

**FOURTH CLAIM FOR RELIEF**
**First Amendment – Retaliation**

133.    The BOCC restates its responses set forth in paragraphs 1 to 132 as though fully set forth herein.

134.    The allegations set forth in paragraph 134 are conclusory while at the same time purport to set forth legal conclusions to which no response is required.  To the extent the allegations set forth in paragraph 134 of Plaintiffs' First Amended Complaint are determined to be factual, said allegations are denied.

135.    The allegations set forth in paragraph 135 of Plaintiffs' Amended Complaint are conclusory while at the same time purport to set forth a legal conclusion to which no response is required.  To the extent the allegations set forth in paragraph 135 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

136.    The allegations set forth in paragraph 136 are denied.

137.    The allegations set forth in paragraph 137 are denied.

138.    The allegations set forth in paragraph 138 of Plaintiffs' Amended Complaint, are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 138 are determined to be factual, said allegations are denied.

139.    The allegations set forth in paragraph 139 of Plaintiffs' Amended Complaint are conclusory, and therefore no response is required.  To the extent the allegations set

forth in paragraph 139 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

140.    The allegations set forth in paragraph 140 of Plaintiffs' Amended Complaint, are denied.

141.    The allegations set forth in paragraph 141 of Plaintiffs' Amended Complaint, are denied.

142.    The allegations set forth in paragraph 142 of Plaintiffs' Amended Complaint, are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 142 of Plaintiffs' Amended Complaint are determined to be factual, said allegations are denied.

143.    The allegations set forth in paragraph 143 of Plaintiffs' Complaint, are denied.

144.    The BOCC is without sufficient knowledge or information with respect to the allegations set forth in paragraph 144 of Plaintiffs' Amended Complaint, requiring denial of same.

145.    The BOCC denies the allegations set forth in paragraph 145 of Plaintiffs' Amended Complaint.

146.    The BOCC denies the allegations set forth in paragraph 146 of Plaintiffs' Amended Complaint.

147.    The BOCC denies the allegations set forth in paragraph 147 of Plaintiffs' Amended Complaint.

148.    The BOCC denies the Plaintiffs are entitled to any relief set forth after the

phrase "Prayer for Relief" on page 25 of their Amended Complaint.

## GENERAL DENIAL

149.    The BOCC denies each and every allegation set forth in Plaintiffs' Amended Complaint, not specifically admitted herein.

## Demand for Jury Trial

The BOCC requests a trial by jury of all claims in this matter.

## Affirmative Defenses

1.  Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted against this Defendant.

2.  Pursuant to State Statute, the Plaintiffs are not employees of the BOCC and they are, therefore, are not subject to the control by the BOCC.

3.  In the alternative, should it be determined the Plaintiffs are employees of the BOCC, and subject to control by the BOCC, all actions taken by this Defendant with respect to the employment of the Plaintiffs were reasonable under the circumstances, taken in the course and scope of the Plaintiffs' employment, in the good faith performance of the duties of this Defendant's employees, for legitimate business reasons, for the purpose of serving this Defendant and in good faith in the belief that this Defendant acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken in relation to the alleged actions of the Plaintiffs or any alleged "protected activity" of the Plaintiffs.

4.  Pursuant to State Statute, the Plaintiffs were employees of the Lake County Sheriff's Office, and not Lake County.   Should it be determined the Plaintiffs were

employees of the BOCC, and subject to control by the BOCC, this Defendant possessed good and sufficient cause for all actions taken in relation to the employment of the Plaintiffs.

5.   Some or all of the claims of the Plaintiffs may be barred by failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines.

6.   Some or all of the damages alleged, if any, by the Plaintiffs may have been caused by the actions of third parties, including the Plaintiffs themselves, or circumstances over which this Defendant had no right of control or actual control.

7.   The Plaintiffs may have failed to mitigate their damages, if any, as required by law.

8.   Pursuant to State Statute, the Plaintiffs were employees of the Lake County Sheriff's Office, and not Lake County.   Should it be determined the Plaintiffs were employees of the BOCC, and subject to control by the BOCC, this Defendant never breached any duties owed to the Plaintiffs at any time in the course of the Plaintiffs' employment.

9.   Plaintiffs' damages, if any, are subject to offset by virtue of amounts received from other sources.

10. Pursuant to State Statute, the Plaintiffs were employees of the Lake County Sheriff's Office, and not Lake County.   Should it be determined the Plaintiffs were employees of the BOCC, and subject to control by the BOCC, any actions taken by Defendant in relation to the Plaintiffs were taken for legitimate non-discriminatory business reasons.

11. Notwithstanding whether or not the Plaintiffs were employees of the BOCC, any actions taken by the BOCC with respect to the Plaintiffs, were taken for legitimate non-discriminatory business reasons.

12. Pursuant to State Statute, the Plaintiffs were employees of the Lake County Sheriff's Office, and not Lake County.  Should it be determined the Plaintiffs were employees of the BOCC, and subject to control by the BOCC, at all times pertinent herein, Defendant's acted in accordance with all common law, statutory, constitutional and contractual obligations and without any intent to cause the Plaintiff harm.

13. Notwithstanding whether or not the Plaintiffs were employees of the BOCC, at all times, this Defendants acted in accordance with all common law, statutory, constitutional and contractual obligations and without any intent to cause the Plaintiff harm.

14. The amount of damages recoverable by the Plaintiffs, if any, is limited by statute.

15. Plaintiffs' damages, if any, are limited or controlled by applicable statutory provisions of federal law.

16. Some or all of the claims of the Plaintiffs, may be barred by the applicable statutes of limitations.

17. This Defendant did not prohibit the Plaintiffs from exercising any important job-related right or privilege.

18. Notwithstanding whether or not the Plaintiffs were employees of the BOCC, this Defendant did not direct the Plaintiffs to perform any illegal act as part of the employee's work-related duties.

19.  Punitive damages are not recoverable against a public entity.

20. Pursuant to State Statute, the Plaintiffs were employees of the Lake County Sheriff's Office, and not Lake County.  Should it be determined the Plaintiffs were employees of the BOCC, and subject to control by the BOCC, this Defendant exercised reasonable care to prevent and promptly correct any purported discriminatory or harassing behavior, and the Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise.

21. Notwithstanding whether or not the Plaintiffs were employees of the BOCC, this Defendant exercised reasonable care to promptly investigate any purported discriminatory or harassing behavior, and the Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

22. This Defendant reserves the right to assert additional defenses and affirmative defenses as may become known in the course of these proceedings.

Dated this 25th day of November 2019.

Respectfully submitted:

/s/Mark S. Ratner
Mark S. Ratner, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO  80202
(303) 628-3337
ratnerm@hallevans.com
**Attorneys for Defendant, Board
of County Commissioners, Lake
County, Colorado**

28

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 25th day of November 2019, I electronically filed the foregoing **DEFENDANT THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY COLORADO'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT (ECF No. 7)** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

Iris Halpern
Nicholas A. Lutz
Rathod & Mohamedbhai, LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
ih@rmlawyers.com
nl@rmlawyers.com

Cathy Havener Greer
William O'Connell
Katherine M.L. Pratt
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
cgreer@warllc.com
woconnell@warllc.com
kpratt@warllc.com

Leslie Schluter
Dagner, Schluter, Mitzner and Weber, LLC
5105 DTC Pkwy #250
Greenwood Village, CO 80111
lschluter@lawincolorado.com

David J. Goldfarb
Josh A. Marks
Berg Hill Greenleaf and Ruscitti, LLP
1712 Pearl St, Boulder, CO 80302
djg@bhgrlaw.com
jam@bhgrlaw.com

Ann B. Smith
Gordon L. Vaughan
Sara L. Cook
Vaughan & DeMuro
111 South Tejon St., Suite 545
Colorado Springs, CO 80903
asmith@vaughandemuro.com
gvaughan@vaughandemuro.com
scook@vaughandemuro.com

Defendant BOCC c/o Sarah Mudge
Via email

*s/ Robin Havens, Legal Assistant to*

Mark S. Ratner, Esq.
HALL & EVANS, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Phone: (303) 628-3300
Fax:     (303) 628-3368
ratnerm@hallevans.com

**ATTORNEYS FOR DEFENDANTS
THE BOARD OF COUNTY COMMISSIONERS
OF LAKE COUNTY, COLORADO**